UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PRISCILLA CARRION, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. |
| | § |
| PERFORMANT RECOVERY, INC., | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S COMPLAINT

PRISCILLA CARRION ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against PERFORMANT RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of Plaintiff' Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

## JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Corpus Christi, Nueces County, Texas.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Texas Financial Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Texas Financial Code § 392.001(2).

9. Defendant is a business entity with an office located at 333 N. Canyons Pkwy, Ste. 100, Livermore, CA 94551.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant attempted to collect an alleged debt from Plaintiff.

13. The alleged debt arose from transactions which were for personal, family and household purposes.

14. In its collection attempts, Defendant called Plaintiff while she was at her place of employment at telephone number (361) 884-xxxx.

15. In or around the end of January 2013, Defendant called Plaintiff at her place of employment, at which time, Plaintiff informed Defendant that she is not allowed to receive calls at work and asked Defendant to stop calling her at work. Plaintiff believes the name of Defendant's representative that called Plaintiff at work was "Nathaniel Mocabee."

16. In or around the middle of February 2013, Defendant again called Plaintiff at her place of employment, at which time, Plaintiff again informed Defendant that she is not allowed to receive calls at work and asked Defendant to stop calling her at work. Plaintiff believes the name of

Defendant's representative that called Plaintiff at work was "Marie Carter."

17. On or around the March 11, 2013, Defendant again called Plaintiff at her place of employment, despite previous requests to stop calling Plaintiff at work. Plaintiff believes the name of Defendant's representative that called Plaintiff at work was Marie Carter.

18. Plaintiff is annoyed by Defendants' continuous telephone calls to her at work and feels harassed, abused, and embarrassed by the calls.

19. As part of its collection activities, Defendant also placed telephone calls to Plaintiff on her cellular telephone, (361) 522-xxxx.

20. Defendant made a telephone call to Plaintiff and left her a voicemail message. *See* transcribed voicemail, attached hereto as Exhibit A.

21. In its voicemail message, Defendant asked Plaintiff to call (800) 927-7667, which is a telephone number belonging to Defendant. *See* Exhibit A.

22. In its voicemail message, Defendant failed to inform Plaintiff that Defendant, or its employees, is a debt collector. *See* Exhibit A.

23. Defendant uses deceptive voicemail messages in connection with its attempts to collect the alleged debt by not disclosing the purpose of its phone calls, or that it is a debt collector.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant violated the FDCPA based on the following:

   a. Defendants violated § 1692c(a)(1) of the FDCPA by communicating with Plaintiff at a time and/or place which is known, or should be known, to be inconvenient to Plaintiff;

   b. Defendants violated § 1692c(a)(3) of the FDCPA by communicating with

    Plaintiff at Plaintiff's place of employment when defendant knew or had reason to know that such calls and communications were prohibited;

  c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt;

  d. Defendant violated § 1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt; and

  e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communication that it is a debt collector.

WHEREFORE, Plaintiff, PRISCILLA CARRION, respectfully requests judgment be entered against Defendant, PERFORMANT RECOVERY, INC., for the following:

25. Actual damages pursuant to 15 U.S.C. § 1692k.

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

28. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCIAL CODE

29. Defendant violated Texas Financial Code based on, but not limited to, the following:

  a. Defendant violated § 392.302(4) of the Financial Code by making repeated telephone calls to Plaintiff at her place of employment with intent to harass Plaintiff; and

  b. Defendant violated § 392.304(a)(19) of the Financial Code by using deceptive

means to collect a debt.

WHEREFORE, Plaintiff, PRISCILLA CARRION, respectfully requests judgment be entered against Defendant, PERFORMANT RECOVERY, INC., for the following:

30. Actual damages pursuant to Texas Financial Code § 392.403(a)(2).

31. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code.

32. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b).

33. Any other relief that this Court deems appropriate.


Dated: April 23, 2013            RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By: /s Douglas Baek

Douglas Baek (CA State Bar No. 258321)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x244
Fax: 866-829-5083
dbaek@consumerlawcenter.com
Attorney for Plaintiff